**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

U'BAY LUMUMBA,           :
                         :     Civil Action No. 08-5352 (FLW)
        Plaintiff,   :
                         :
        v.            :     **OPINION**
                         :
MICHELLE RICCI, et al.,   :
                         :
        Defendants.  :

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
U'Bay Lumumba
New Jersey State Prison
Trenton, NJ 08625

**WOLFSON**, District Judge

    Plaintiff U'Bay Lumumba, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. <u>BACKGROUND</u>

The following factual allegations are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on October 1, 2005, he was charged with an infraction of engaging in or encouraging a group demonstration, arising out of an incident on the same date in which inmates in the 7-Wing of New Jersey State Prison, an administrative segregation unit, were alleged to have demonstrated in protest of prison conditions. Plaintiff alleges that the disciplinary process was concluded in his favor. The nature of the result is not further explained.

Plaintiff alleges that on October 11, 2005, he was again charged with the same infraction arising out of the same incident. Plaintiff alleges that Defendant Hearing Officer Sal Maniscalco found Plaintiff guilty of the infraction on January 9, 2006, and imposed sanctions including: 15 days detention, 365 days administrative segregation, loss of 365 days commutation credits, and confiscation of Plaintiff's word processor, which was alleged to have been the printing press for encouraging the group demonstration. Plaintiff alleges that the decision of the

hearing officer was arbitrary and capricious and not based upon competent evidence.

Plaintiff alleges that he was represented by a "counsel substitute" at the disciplinary hearing, and that his "counsel substitute" instituted an appeal.  On January 30, 2006, without ruling on a pending request for extension of time, Defendant Donald Mee denied the appeal.  Plaintiff alleges that on January 31, 2006, his "counsel substitute" submitted the appeal, to which no further response was received.[1]

Plaintiff alleges that on April 17, 2006, an inmate paralegal filed a Notice of Appeal of final administrative decision with the Superior Court of New Jersey, Appellate Division.  Plaintiff was required to file his brief no later than August 28, 2006.

From August 4, 2006, until sometime in September 2006, an institution-wide lockdown was imposed.  During the lockdown, the inmate paralegal obtained an extension of time, to September 28, 2006, for submission of Plaintiff's brief to the Appellate Division.  However, Plaintiff alleges that he was not able to meet this extension because Defendant Michelle Ricci restricted

---

[1] Plaintiff does not allege to whom the January 31, 2006, appeal was submitted.

3

the inmate paralegal's access to Plaintiff.[2]  The Appellate
Division dismissed Plaintiff's appeal on November 2, 2006.

Plaintiff names as defendants Administrator Michelle Ricci,
Associate Administrator Donald Mee, Assistant Superintendent
Jeffrey Bell, Supervisor of Education Thomas Dechan, Assistant
Supervisor of Education Deniece Gray, and Hearing officer Sal
Maniscalco.[3]  Plaintiff seeks a declaratory judgment that he was
deprived of liberty and property without due process in the
disciplinary proceeding.  He also seeks monetary damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time,
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.
§ 1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).

--------

[2] Plaintiff alleges that limitations on access to the law
library and/or inmate paralegals while in administrative
segregation is a violation of settlement agreements in Johnson v.
Hilton, Civil Action No. 77-0059, and Valentine v. Beyer, Civil
Action No. 85-4401.

[3] In the initial Complaint, Hearing Officer Jack Ozvart was
named as a defendant.  No factual allegations are set forth in
the Amended Complaint with respect to Defendant Ozvart.
Accordingly, all claims against Defendant Ozvart will be
dismissed with prejudice.

4

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  ...  If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  See, e.g., Pruden v. SCI Camp Hill, 252

Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th

Cir. 2007).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

Local government units and supervisors are not liable under

§ 1983 solely on a theory of respondeat superior.  See City of

Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v.

New York City Department of Social Services, 436 U.S. 658, 690-

91, 694 (1978) (municipal liability attaches only "when execution

7

of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat</u> <u>superior</u>. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). <u>Accord</u> <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-96 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

IV.   <u>ANALYSIS</u>

A.   <u>Challenge to Prison Disciplinary Proceeding</u>

In a series of cases beginning with <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not

8

seek compensatory damages for the loss of their credits.   411

U.S. at 494.   The Court held that "when a state prisoner is

challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he

is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas

corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court

addressed a corollary question to that presented in Preiser,

whether a prisoner could challenge the constitutionality of his

conviction in a suit for damages only under § 1983, a form of

relief not available through a habeas corpus proceeding.   Again,

the Court rejected § 1983 as a vehicle to challenge the

lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence
> that has not been so invalidated is not cognizable
> under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further

instructed district courts, in determining whether a complaint

states a claim under § 1983, to evaluate whether a favorable

outcome would necessarily imply the invalidity of a criminal
judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will not demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that
"a § 1983 cause of action for damages attributable to an
unconstitutional conviction or sentence does not accrue until the
conviction or sentence has been invalidated."  Id. at 489-90.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme
Court applied the lessons of Preiser and Heck to a state prisoner
action, seeking compensatory and punitive damages, challenging
the constitutionality of procedures used in a prison disciplinary
proceeding that resulted in the loss of good-time credits, but
not necessarily challenging the result and not seeking the
restoration of the good-time credits.  Again, the Court
emphasized that such a claim is not cognizable under § 1983 if a
favorable outcome would necessarily imply the invalidity of the
challenged judgment, there the disciplinary finding and
punishment.  520 U.S. at 646-8.

10

"Considering <u>Heck</u> and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - <u>if</u> success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" <u>Williams v. Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (quoting <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

Here, the challenged prison disciplinary proceeding resulted in the loss of good time credits.  Accordingly, any § 1983 action challenging that proceeding is premature until such time as the proceeding has been otherwise invalidated.  This claim must be dismissed without prejudice.

B.   <u>Claim for Deprivation of Property</u>

Plaintiff alleges that, as a result of the challenged disciplinary proceeding, he was deprived of property – his word processor – without due process.  As this is the same disciplinary proceeding that resulted in a loss of good time credits, challenge to which here is premature, this Court similarly cannot address whether Plaintiff was deprived of property without due process in that proceeding.

11

Nevertheless, without regard to the process afforded Plaintiff in the disciplinary proceeding, the Court finds that the Amended Complaint fails to state a claim for deprivation of property without due process.

An unauthorized deprivation of property by a government actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fifth Amendment if a meaningful post-deprivation remedy for the loss is available.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 530-36 (1984) (decided under Due Process Clause of Fourteenth Amendment); <u>Parratt v. Taylor</u>, 451 U.S. 527, 543-44 (1981) (same), <u>overruled in part on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986).

New Jersey law provides for a judicial remedy for unauthorized deprivation of property by public employees.  <u>See</u> New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1-1 <u>et seq.</u> (2001).

Plaintiff has failed to state a claim for deprivation of property without due process.

C.   <u>Claim for Denial of Access to Courts</u>

Plaintiff alleges that he was denied his right of access to the Courts when he was deprived of the means to timely file a brief during the judicial appeal of his disciplinary proceeding.

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances.  Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983).  In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights.  Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  See also Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  The right of access to the courts is not, however, unlimited.  "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the

13

incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury." See Lewis, 518 U.S. at 348-55 and n.3 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).

There is no "abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. ... [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." Lewis, 518 U.S. at 351.

Once again, a determination that Plaintiff was deprived of his right of access to the courts to press a meritorious

14

challenge to the disciplinary proceeding would necessarily demonstrate the invalidity of the length of Plaintiff's present confinement.  This claim is premature until such time as the result of the disciplinary proceeding is otherwise invalidated. This claim must be dismissed without prejudice.

D.   Claim for Violation of Settlement Agreements

Plaintiff alleges that his lack of access to the prison law library or inmate paralegal violates the terms of settlement agreements in Johnson v. Hilton, Civil Action No. 77-0059, and Valentine v. Beyer, Civil Action No. 85-4401.

District Judge Mary L. Cooper of this Court has previously determined that this Court lacks subject matter jurisdiction over an action by New Jersey State Prison inmates to enforce the settlement agreement in Valentine v. Beyer.  See Valentine v. Beyer, Civil Action No. 85-4401, Memorandum Opinion and Order [247, 248] (Apr. 8, 2008).  Judge Cooper held that this Court had not retained ancillary jurisdiction to enforce the settlement. Moreover, the Court held that breach of the settlement agreement could not serve as the basis of a § 1983 claim.  Memorandum Opinion at n. 1 (citing Walsifer v. Bor. of Belmar, No. 06-4752, 2008 WL 189855, at *3 (3d Cir. Jan. 23, 2008)).  Instead, the Court held, an action to enforce the settlement agreement was a separate contract dispute, and the proper forum to enforce it was

15

in New Jersey state court, absent an independent basis for federal jurisdiction.

Similarly, Plaintiff has alleged no facts that would suggest that this Court has retained ancillary jurisdiction to enforce the settlement agreement in <u>Johnson v. Hilton</u>, Civil Action No. 77-0059, or that Plaintiff would have standing to enforce that settlement agreement.

In any event, here, all of Plaintiff's federal claims are being dismissed.  As no extraordinary circumstances are present, this Court will decline to exercise supplemental jurisdiction over these pendent state contract claims.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000). These contract claims will be dismissed without prejudice.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Amended Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim and for lack of jurisdiction.  It does not appear that Plaintiff could further amend the Amended Complaint, at this time, to overcome the deficiencies noted herein.  An appropriate order follows.

 s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Dated: June 29, 2009

16